IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LONG, JR.,<br><br>    *Plaintiff*,<br><br> v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>No. 15-00202 |

### MEMORANDUM

**PAPPERT, J.**                                  **January 15, 2016**

  Plaintiff Gary Long, Jr. ("Long") was arrested in Langhorne, Pennsylvania on October 28, 2014 pursuant to an arrest warrant previously issued for a different man also named Gary Long. He was transported to Philadelphia where he remained in custody for almost three days. On July 10, 2015, Long filed an amended complaint (ECF No. 24) against the City of Philadelphia ("Philadelphia" or "the City"), Philadelphia Corrections Officer Patrick Gordon ("Gordon"), Montgomery County, Pennsylvania ("Montgomery County"), and Dorothy Camasso ("Camasso"). Long asserts claims for false imprisonment under 42 U.S.C. Section 1983 against Gordon and Camasso,[1] municipal liability against Philadelphia and Montgomery County, and false arrest and false imprisonment under Pennsylvania law against Gordon and Camasso. (Am. Compl. ¶¶ 45–80.)

  Montgomery County and Camasso filed a motion to dismiss Long's amended complaint. (ECF No. 28.) Long responded to the motion (ECF No. 29) and Montgomery County and

---

[1] While Long's amended complaint also references a Section 1983 claim for false arrest, (Am. Compl. ¶ 50), Long conceded the claim at oral argument. (Oral Arg. 78:15–18, ECF No. 36.)

1

Camasso filed a reply to the response. (ECF No. 30.) The Court heard oral argument on January 12, 2016. (ECF No. 36.) Long has not alleged facts which could show that Camasso acted intentionally or with deliberate indifference in violation of his constitutional rights. Since Long has not stated a claim for a deprivation of constitutional rights, he cannot establish a municipal liability claim against Montgomery County. The Court accordingly grants the motion and dismisses the claims against Camasso and the County. The dismissals are with prejudice since any further amendment of the complaint would be futile.[2]

## I.

On October 28, 2014, Long, who is caucasian, was driving in Langhorne when he had a disagreement with another driver that led to a police response. (Am. Compl. ¶¶ 11–13, 18.) A Langhorne police officer arrived at the scene and requested Long's "identification and insurance information." (*Id.* ¶ 14.) The officer ran Long's identification and "erroneously decided there was an open warrant" for his arrest. (*Id.* ¶ 15.)

In fact, the warrant was for "another man named Gary Long," an African-American with a different birthdate. (*Id.* ¶¶ 16–18.) Several years earlier Camasso, then a Montgomery County employee, allegedly entered incorrect information into Pennsylvania's Common Pleas Case Management System ("CPCMS").[3] (*Id.* ¶¶ 4, 46.) This error allegedly caused Long's information to be "linked to a warrant for another man named Gary Long." (*Id.* ¶ 46.)

The Langhorne officer contacted the Pennsylvania State Police to take Long to Philadelphia, where the warrant in question had originated. (*Id.* ¶¶ 19–21.) A state trooper

---

[2] Philadelphia and Gordon filed a motion for summary judgment and the Court heard oral argument on that motion on January 12 also. The Court will rule on the motion for summary judgment in a separate opinion and order.

[3] The amended complaint does not state Camasso's job title or position; she is described as merely an "employee." (Am. Compl. ¶ 4.) At oral argument, all parties agreed she was a "data entry clerk." (Oral Arg. 19:18–21.) The amended complaint also avoids alleging *when*, in the course of these events, Camasso erred. Long's counsel acknowledged at oral argument that Camasso made her mistake sometime in October 2008. (Oral Arg. 12:3–14.)

arrived and drove Long to a state police barracks.  (*Id.* ¶¶ 22–23.)  Long told an officer at the barracks that the warrant was not for him.  (*Id.* ¶ 24.)  The officer replied that the person identified in the warrant "could be [] him" and Long was then taken to the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia.  (*Id.* ¶¶ 25, 26.)

At CFCF, Gordon processed Long for intake and printed a "valuables receipt."  (*Id.* ¶ 27.)  That receipt showed a picture of an African American man, which was "irrefutable evidence" that Long was not the subject of the warrant.  (*Id.* ¶ 28.)  Gordon nonetheless continued to process Long.  (*Id.* ¶ 29.)  After two nights and three days in CFCF, Long was released on October 30, 2014.  (*Id.* ¶ 40.)  Long claims he "suffered a painful kidney stone attack" during his imprisonment and missed a work presentation, which was the "last stage of an interview process for a new job."  (*Id.* ¶¶ 42–43.)  As a result, he was not further considered for the position.  (*Id.* ¶ 44.)  All of this caused Long to suffer "emotional distress, fear, anxiety, and embarrassment."  (*Id.* ¶ 41.)

Long filed an initial complaint on January 15, 2015 against Philadelphia, Langhorne Borough ("Langhorne"), the Commonwealth of Pennsylvania ("the Commonwealth"), and Philadelphia Corrections Officer "John Doe" ("John Doe").  (Compl. ¶¶ 40–69, ECF No. 1.)  The Commonwealth filed a motion to dismiss for lack of jurisdiction and failure to state a claim on March 19, 2015.  (Pa. Mot. to Dismiss at 4, ECF No. 12.)  The Commonwealth's unopposed motion was granted on April 14, 2015.[4]  (ECF No. 16.)  On July 10, 2015, Long filed an amended complaint that removed the Commonwealth and Langhorne as defendants, added Montgomery County and Camasso, and substituted Gordon for "John Doe."  (Am. Compl. ¶¶ 2–5.)

---

[4]  Judge McLaughlin presided over this case until June 29, 2015.  (ECF No. 23.)

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation and internal quotation marks omitted).  Speculative and conclusory statements are not enough. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)).  However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts. *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

**III.**

To establish a prima facie case under 42 U.S.C. Section 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).  Further, the plaintiff must show that the person acting under color of law intentionally violated his Fourth Amendment rights or acted "deliberately indifferent" in violation of his Fourteenth Amendment rights.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) (citing *Hill v. California*, 401 U.S. 797, 802–05 (1971)); *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998); *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

**A.**

The amended complaint mentions Camasso in only five of its eighty paragraphs.  (Am. Compl. ¶¶ 4, 46, 51, 55, 77.)  The sole *factual* "allegations" are that Camasso "at all times material to this action was a citizen and resident of the Commonwealth of Pennsylvania and an employee of Montgomery County" and that she "entered incorrect information into CPCMS which caused plaintiff's identifying information to be linked to a warrant for another man named Gary Long." (Am. Compl. ¶¶ 4, 46.)  Long does not allege any facts which show that Camasso acted intentionally or deliberately indifferent in committing a data entry error that six years later led to Long's arrest.  Moreover, there is no way Long can cure this deficiency.  In essence, Long would have to plead factual allegations that would establish, beyond a speculative level, that Camasso substituted information from some other "Gary Long" for that of the plaintiff with the express intention of violating the plaintiff's constitutional rights or with deliberate indifference to those rights.  Indeed, at oral argument Long's counsel acknowledged that he would have no basis to do so.  (Oral Arg. 14:24–15:10, 17:14–25.)

There are no facts alleged that suggest Camasso, acting under color of law, deprived Long of any federal right, let alone his Fourth and Fourteenth Amendment rights. *Groman*, 47 F.3d at 633. At most, Long's amended complaint could establish that Camasso was negligent when she entered incorrect information into the system. Negligence by public officials, however, is not actionable as a due process violation. *See Daniels v. Williams*, 474 U.S. 327, 335–36 (1986); *see also Phillips v. Borough of Keyport*, 107 F.3d 164, 184 (3d Cir. 1997).

**B.**

Section 1983 municipal liability is evaluated pursuant to the United States Supreme Court's holding in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). To establish a "*Monell* claim," a plaintiff must: "[I]dentify the constitutional right at issue, identify the policy or custom at issue, identify the policymaker, demonstrate deliberate indifference or evidence of knowledge and acquiescence by the policymaker and demonstrate causation." *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 342 (E.D. Pa. 2006). The plaintiff *must* allege a "deprivation . . . of constitutional rights" to form a *Monell* claim. *Monell*, 436 U.S. 694. Negligence on the part of local government officials is not enough to impute liability under Section 1983. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990).

Long fails to allege, much less demonstrate, much of what is needed to sustain a claim against Montgomery County under *Monell*. Long has not alleged, and cannot plausibly allege, that Camasso acted intentionally to deprive Long of his Fourth Amendment rights or with deliberate indifference to deprive him of his Fourteenth Amendment rights. Long thus fails to allege that a constitutional violation occurred and his *Monell* claim necessarily fails.

### IV.

District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citations omitted). "Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Long has already amended his complaint once. He has not sought leave to amend, but had he done so leave could not be granted because any further amendments of the complaint, for the reasons previously discussed, would be futile.

Long's federal claims for false imprisonment and municipal liability under 42 U.S.C. Section 1983 are the bases for Long's assertion of this Court's jurisdiction (Am. Compl. ¶ 6). With the dismissal of those claims, the Court declines to exercise supplemental jurisdiction over Long's state law claims for false arrest and false imprisonment. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction."). Long's state law claims against Montgomery County and Camasso for false arrest and false imprisonment are therefore dismissed without prejudice.

    BY THE COURT:

    /s/ Gerald J. Pappert
    GERALD J. PAPPERT, J.